ANGELO R. FESTA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Festa
Docket No. 15504-90
United States Tax Court
T.C. Memo 1992-333; 1992 Tax Ct. Memo LEXIS 356; 63 T.C.M. (CCH) 3125; June 10, 1992, Filed *356 Decision will be entered under Rule 155. Angelo R. Festa, pro se. Louis H. Hill, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined additions to petitioner's Federal income tax for the years 1980, 1981, and 1982 due to disallowed deductions and credits from an investment in a tax shelter, as follows: Additions to Tax
Year
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6659(a)
1980
$ 29.95
[1]
$  179.70
1981
$373.30
[1]
$ 2,239.80
1982
$ 15.39
[1]
-    *357 Respondent erroneously set forth the additions to tax for negligence as under section 6653(a)(1)(A) and (B). The applicable section for the addition to tax for negligence for tax year 1980 is section 6653(a), and the applicable section for the negligence additions for tax years 1981 and 1982 is section 6653(a)(1) and (2). For tax year 1980, respondent conceded at trial the addition to tax of 50 percent of the interest on the portion of the underpayment attributable to negligence inasmuch as there is no applicable section providing for such an addition to tax for 1980. After a concession, the issues for our decision are (1) whether petitioner is liable for the additions to tax for negligence for the years in question and (2) whether petitioner is liable for the addition to tax under section 6659(a) for 1980 and 1981. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in San Francisco, California, when he filed his petition. Petitioner is a physical education teacher at Canada College in Redwood City, California. He holds a master's degree in physical education. In the *358 years in question, he held and traded stock, operated two rental properties, traded in calls and warrants, received installment payments for the sale of real estate, and operated a scuba charter business. In 1982, petitioner made an investment in the Lone Star Limited Partnership (Lone Star), which purchased a master recording from the Sagittarius Recording Company. The ostensible purpose of Lone Star was to lease, promote, and distribute a master recording made by Willie Nelson. Petitioner made this investment on the advice of his tax return preparer, Karen Fleming. He also attended a lecture by Jay Arrigo, a representative of Sagittarius Recording Company, who explained the purported tax advantages and earnings projections for Lone Star. Petitioner was strongly influenced in making the investment by the fact that his return preparer told him she had invested in Lone Star. For tax year 1982, petitioner deducted his distributive share of partnership losses in the amount of $ 3,078 and claimed investment credit of $ 8,170, which gave rise to a tentative carryback adjustment in tax years 1980 and 1981. Petitioner carried back his investment credit because he had no tax liability *359 for 1982. On March 14, 1986, respondent issued a notice of Final Partnership Administrative Adjustment (FPAA) as to Lone Star, disallowing all losses and investment tax credit claimed for tax year 1982 with respect to Lone Star on the basis that its activities were not engaged in for profit and lacked economic substance. Judicial review of this FPAA was obtained pursuant to section 6226. On February 10, 1989, a Tax Court decision was entered sustaining respondent's adjustments. Petitioner is bound by these determinations with respect to his distributive share of Lone Star partnership items. Secs. 6224 and 6226. Section 6653(a) Additions to Tax
Respondent determined that petitioner is liable for the additions to tax provided in section 6653(a). Petitioner contends that he is not so liable because he relied on the advice of his tax return preparer in making his investment in Lone Star. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. For taxes the last date prescribed for payment of which is after December 31, 1981, this addition to tax is imposed under section 6653(a)(1) *360 and (2). Subsection (a)(2) imposes an addition to tax equal to 50 percent of the interest on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proof on this issue. . Negligence under section 6653(a) means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Reliance on the advice of an expert may be a defense to the addition to tax for negligence. , affd. . Such reliance on expert opinion must be reasonable, however. . On the basis of the record, we find that petitioner was negligent in making his investment in Lone Star. Petitioner's reliance on the opinion of his tax preparer was not reasonable or prudent. He testified that he had made no investigation of her credentials as a certified public accountant. He *361 believed she received a commission on his investment. The fact that all the advice he received was from interested parties makes his reliance on such advice unreasonable. Petitioner had no experience or expertise in the recording industry. Before investing in the leasing program, he did not listen to the master recording. He did not seek independent appraisals and did not obtain independent advice on the economic viability of leasing master recordings. , affd. . These facts demonstrate petitioner's failure to exercise the care of a reasonable and prudent person in entering this investment and in claiming the credits and deductions. Accordingly, the additions to tax under section 6653(a) are sustained. Section 6659(a) Addition to Tax
Respondent also determined that petitioner is liable for additions to tax under section 6659(a) for the taxable years 1980 and 1981. A graduated addition to tax is imposed on individuals whose underpayment of tax equals or exceeds $ 1,000 and is attributable to a valuation overstatement. *362 Sec. 6659. A valuation overstatement exists if the value of any property claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation. Sec. 6659(c)(1). If the valuation claimed exceeds 250 percent of the correct valuation, as the respondent determined here, then the addition to tax is equal to 30 percent of the underpayment. Sec. 6659(b). On his 1982 income tax return, petitioner claimed an investment tax credit of $ 8,170 based upon his investment in Lone Star. Inasmuch as petitioner reported no income tax liability for 1982, he carried back the unused investment tax credit to 1980 and 1981. The credits claimed for these years were $ 599 and $ 7,466, respectively. The notices of deficiency for 1980 and 1981, which set forth the deficiencies in additions to tax under section 6659(a), noted income tax underpayments for these years of $ 599 and $ 7,466, respectively. The decision entered in the Lone Star case determined that the valuation of the investment tax credit qualifying property was -0- and not the $ 2,100,000 reported by the partnership. Clearly, a valuation overstatement exists under the statute. Since the amount *363 of the underpayment for the taxable year 1980 due to the valuation overstatement does not exceed $ 1,000, petitioner is not liable for the addition to tax in 1980. Petitioner, however, is liable for the addition for 1981, and respondent's determination is sustained for that year. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩